Opinion by
Hurt, J.
§ 497. Conditional sale; contract construed; right of vendor to rescind or enforce contract. Appellees sued appellants upon a written obligation which reads as follows:
“Cleburne, Texas, June 14, 1880
“On or before the 1st day of October, 1881, for value received in one Monitor engine and Sweepstake thresher No.-, I, the undersigned, of precinct No.-, county of Johnson, state of Texas, promise to pay to the order of 0. Aultman & Co., Canton, Ohio, three hundred and fifty-two /o0,, dollars, payable at the office of A. Hinchman, at Waco, Texas, with interest at ten per cent, per annum, from date until maturity, and if not then paid, with interest at twelve per cent, per annum from date until paid. If this note is not paid at maturity, and is placed in the hands of an attorney for collection, or is sued on, I agree to pay ten per cent, of principal and interest as an attorney fee. The express condition of the sale and purchase of the machinery for which this note is given, is such that the title, ownership or right of possession does not pass from thé said C. Aultman & Co. until this note and interest is paid in full. And the said C. Aultman & Co., or their authorized agents, are hereby fully authorized and empowered to proceed to collect the same at any time they may reasonably deem themselves insecure, before the maturity thereof, and may take possession of said machine, sell the same at public sale, with or without notice, and apply the proceeds towards the payment of this note after paying all costs and nec *442 essaiy expenses. Also this note is to become due upon the removal of its maker-from° the county wherein he now resides.
(Signed) “E. Asctje.”
Upon the back of this instrument was the following guaranty:
“ Eor value received I hereby guaranty the payment of the within note, and any renewal of the same, and hereby waive protest, demand and notice of demand and non-payment, and suit against the maker, and consent that the payment of this note may be extended from time to time, without affecting my liability therein.
(Signed) “A. Hinciiman.”
Defendants answered that the instrument sued on was given for machinery, and that simultaneously with the execution of this note, three others were executed, each for the same amount of this note, and containing the same provisions, the purchase price of said machinery being $1,410. That two of these notes had been paid by defendants, this suit being upon the third, and the fourth being still outstanding; that these instruments evidence a conditional sale by appellees to Ascue, with the privilege to appellees to take possession of the machinery, sell the same and apply the proceeds to the payment of the note sued on, and that appellees did take possession of, sell and apply the proceeds of the same, at which time the same was worth $000; that by reason of these facts, said note was “paid off and discharged.” This answer was excepted to, and the exceptions were sustained, and appellees recovered judgment for their 'debt, interest and costs, and ordering the machinery which had been taken under a writ of sequestration issued in the suit, to be sold, and the proceeds applied to the judgment. Appellants assign as error the action of the court in sustaining the exceptions to their answer, and state this proposition: That the instrument sued on evidences a conditional sale and not a mortgage, and as appellees took possession of the property, as they had the right to do under the con *443 tract, they annulled the contract, and this was a satisfaction and discharge of the note, and they are therefore not entitled to recover thereon. Suppose it be conceded that the instrument sued on evidences a conditional sale. Appellants do not inform us in their brief what the rights of the parties are under such a contract. Let us suppose that personal property is sold, and that the sale is conditional, with the right and privilege retained in the vendor to retake possession of the same. And (for illustration) the property was sold for $1,000; that the purchaser pays $500 down, and executes his note for the balance, payable twelve months thereafter; takes possession of the property and keeps the same five months; that the rental value or use of the property during his possession, and damages thereto, amount to $100; that at the expiration of the five months, the vendor, by virtue of the right retained in the conditional sale, retakes possession of the property, and afterwards sues the purchaser on the $500 note; would the law permit him to recover this amount? On the other hand, would not the purchaser have the right to plead the facts, and ask an adjustment of the equities between the parties? Evidently, to our minds, the vendor, under the above facts, could only recover the $100, and the purchaser could recover back $400 — the excess over the rental value, or use of, and damages to, the property. But this supposed case is not analogous to the'case in hand. In this case Ascue had the possession and use of the machinery nearly three years. Appellees, under the contract, had the right to take possession of the property, sell it, and apply the proceeds to the payment of the note, which they did by sequestration, legal in form and substance. These being the facts, appellants cannot ask for an adj ustment of equities. There are no equities to adjust. They complain that appellees have done that which they were by the contract expressly authorized to do, and nothing more. As a party binds himself, so should he be held bound. Appellees, by the terms of this contract, had the *444 right to treat it as a complete sale, with mortgage on the property to secure the purchase money; and whether it be a conditional, or a complete sale, with mortgage, evidently the parties never intended an adjustment of equities, for they adjusted all equities in the contract, for no equities could arise from a strict performance of the contract. Appellees did not cancel the contract, but pursued its provisions strictly, each and all, save that which gave them the right to cancel it. Judge Hurt here expresses his individual opinion that the instrument sued upon is a mortgage.
December 3, 1884.
§ 498. Warranty; plea setting up breach of, is a plea of failure of consideration, and must be sworn to. Appellants alleged in their answer that appellees had Warranted the machinery to be of good material and durable, etc.; that it was not such as it was warranted to be, etc. This is evidently a plea of partial failure of consideration, and should have been sworn to as is required by article 1365?i subd. 10, Revised Statutes. It was not error to sustain the exceptions to this plea. [Ante, § 105.]
Affirmed.